CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/30/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BRYAN E.,[1] <br><br> *Plaintiff*, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security,[2] <br><br> *Defendant.* | CASE NO. 6:20-cv-00069 <br><br><br> ORDER <br><br><br> JUDGE NORMAN K. MOON |

Plaintiff Bryan E. (the "Claimant") has filed this action challenging the Commissioner of Social Security's final decision denying him disability insurance benefits ("DIB") and supplemental social security income ("SSI") benefits under the Social Security Act. 42 U.S.C. §§ 401 *et seq.*, and 42 U.S.C. §§ 1381 *et seq.*

Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Robert S. Ballou for proposed findings of fact and a recommended disposition. The parties filed cross motions for summary judgment, Dkts. 11, 13, and the magistrate judge issued a Report & Recommendation ("R&R"), which recommended that this Court grant the Commissioner's motion for summary judgment, and deny the Claimant's motion for summary judgment. Dkt. 15. Though advised of the right to object to the

---

[1] The Court adopts the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is hereby substituted for Andrew Saul as the defendant in this case.

proposed findings and recommendations of the R&R within fourteen days, and that failure to timely file objections may result in waiver of review of the R&R, id. at 16–17, no party has filed objections within the fourteen-day period.

The Court reviews de novo every portion of an R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). But where, as here, no objections to an R&R are filed, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note. In that case, the Court need not provide any explanation for adopting the R&R. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

No objections to the R&R have been filed, and the Court can discern no clear error therein. Indeed, as the R&R demonstrates, the magistrate judge carefully scrutinized the record in concluding that the ALJ's decision that Bryan is not disabled was supported by substantial evidence, "including multiple physical exams showing normal gait and no sensory deficits, three opinions by reviewing doctors finding no disability, and no opinions by any doctors that Bryan is disabled." R&R at 15.

Accordingly, the Court **ORDERS** that:

1. The R&R is **ADOPTED** in its entirety, Dkt. 15;
2. The Commissioner's motion for summary judgment is **GRANTED**, Dkt. 13;
3. The Claimant's motion for summary judgment is **DENIED**, Dkt. 11;
4. The Commissioner's final decision is hereby **AFFIRMED**; and
5. This case is stricken from the active docket.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to all counsel of record.

ENTERED this __30th__ day of March, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

3